UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESHAWN YOUNG, *on behalf of herself and all other persons similarly situated*,

       Plaintiff,

– against –

BEEKMAN ARMS-DELAMATER INN, INC.,

       Defendant.

**OPINION & ORDER**

22-cv-6209 (ER)

RAMOS, D.J.:

  Leshawn Young, a legally blind individual, brought this Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") action, along with related state and city claims, on July 21, 2022. Doc. 1. In short, she alleged that Defendant Beekman Arms-Delamater Inn, Inc. ("Beekman"), a restaurant, failed to design, maintain, and operate its website in a manner that is fully accessible to her and other blind or visually impaired people. *Id.* ¶ 5. Young brought the case as a putative class action, and it seeks certification of a nationwide class, as well as state and city subclasses, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and 23(b)(3). Doc. 14 ¶¶ 50–57.

  Before the Court is Beekman's motion to strike class allegations pursuant to Federal Rule of Civil Procedure 12(f). For the reasons stated herein, the motion is DENIED.

I.   **BACKGROUND**

   A.  **Factual Background**

Young is a visually-impaired and legally blind person[1] who uses screen-reading software to read website content using her computer.  *Id.* ¶ 2.

In April 2022 and December 2022, Young visited Beekman's website, https://www.beekmandelamaterinn.com/, Doc. 15 ¶¶ 27, 30, and encountered multiple access barriers that denied her full and equal access to the goods and services offered to the public."[2] *Id.* ¶ 30.  During her visits, she was allegedly unable to obtain information about purchasing gift certificates, food items, and other products sold in Beekman's restaurant.  *Id.*  She was also unable to gather information related to location, hours, pricing, and privacy policies.  *Id.*  Due to these circumstances, Young felt frustrated, humiliated, isolated, and segregated.  *Id.* ¶ 31.

If and when Beekman's website becomes available, she intends to revisit the website so that she may make dining reservations and visit Beekman's "well known and historic restaurant."  *Id.* ¶ 33.

   B.  **Class Allegations**

Young seeks to certify a nationwide class under Federal Rule of Civil Procedure 23(b)(2) to include "all legally blind individuals in the United States who have attempted to access [Beekman's] [w]ebsite and as a result have been denied access to the equal enjoyment of goods and services offered by [the] [w]ebsite[] during the relevant statutory period."  Doc. 14 ¶ 50

---

[1] The First Amended Complaint ("FAC") "uses the terms 'blind' or 'visually-impaired' to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.  Some blind people who meet [this] definition have limited vision.  Others have no vision."  Doc. 14 ¶ 2.

[2] The accessibility barriers included:  lack of alternative text, or "alt-text"; empty links; redundant links; linked images missing alt-text; repetitive title elements; and broken links.  Doc. 14 ¶¶ 34–36.

Young also seeks to certify a New York state sub-class, as well as a New York City sub-class, pursuant to Rule 23(b)(2). *Id.* ¶¶ 51, 52.

In the alternative, the complaint asserts that class certification is appropriate under Rule 23(b)(3) "because fact and legal questions [that] are common to [c]lass [m]embers predominate over question affecting only individual [c]lass [m]embers, and because a class action is superior to other available methods for the fair and efficient adjudication of their litigation." *Id.* ¶ 56.

### C. Procedural History

Young filed the complaint on July 21, 2022. Doc. 1. The Court granted Beekman an extension of time to file an answer on September 13, 2022, Doc. 8, and Beekman thereafter requested a pre-motion conference in anticipation of the instant motion, Doc. 9. The Court held the conference on November 22, 2022, at which it permitted Young to amend the complaint and set a briefing schedule for Beekman's motion. *See* Min. Entry dated Nov. 22, 2022.

Young filed the FAC on December 9, 2022, asserting four claims: (1) a violation of the ADA; Doc. 14 ¶¶ 58–65; (2) a violation of the New York State Human Rights Law ("NYSHRL"), *id.* ¶¶ 66–80; (3) a violation of the New York City Human Rights Law ("NYCHRL"), *id.* ¶¶ 81–93; and (4) declaratory judgment, *id.* ¶¶ 94–96. It set out national, state, and city class allegations as set forth above. *See id.* ¶¶ 50–57.

Beekman moved to strike the class allegations on December 21, 2022, Doc. 15. The motion was fully briefed on March 2, 2023. Doc. 24.

## II. LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter" of its own accord or on motion by a party. Fed. R. Civ. P. 12(f). Motions to strike are generally

disfavored, *City of New York v. FedEx Ground Package Sys., Inc.*, No. 13 Civ. 9173 (ER), 2017 WL 633445, at *2 (S.D.N.Y. Feb. 14, 2017), and "courts should not tamper with the pleadings unless there is a strong reason for so doing," *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

"To succeed on a motion to strike class allegations, a defendant must 'demonstrate from the face of the [c]omplaint that it would be impossible to certify the alleged class regardless of the facts [the] [p]laintiffs may be able to obtain during discovery.'" *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 511 (S.D.N.Y. Sept. 29, 2015) (quoting *Mayfield v. Asta Funding*, 95 F. Supp. 3d 685, 696 (S.D.N.Y. 2015) (alterations in original) (additional citation omitted). Motions to strike class allegations are rarely successful because they require courts to "preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 447 (E.D.N.Y. 2015) (internal quotation marks omitted). Indeed, "district courts in this Circuit have frequently found that a determination of whether the Rule 23 requirements are met is more properly deferred to the class certification stage, when a more complete factual record can aid the Court in making this determination." *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012) (citations omitted).

### III.   ANALYSIS

Beekman argues that the class allegations set out in the FAC must be stricken because "class certification is unnecessary to obtain the relief plaintiff seeks." Doc. 15 at 6. It asserts that if Young prevails on her claim for injunctive relief, "those modifications would be accessible to all users of Defendant's website, which obviates the need for certification of a class." *Id.* And

4

in regard to Young's Rule 23(b)(3) allegations specifically, Beekman contends that "money damages are not permitted under Title III of the ADA and, accordingly, there can be no certification of a 23(b)(3) class under Title III." *Id.* at 6 n.1.

Young asserts that the allegations are necessary, and striking them at this juncture would be premature. Doc. 22 at 5–11. In regard to Beekman's argument that any future injunctive relief as to Young would apply to all users of Beekman's website, Young emphasizes that injunctive relief is not the only relief she seeks or that would be sought by the class. Doc. 22 at 9. Indeed, Young seeks monetary damages pursuant to the NYSHRL and the NYCHRL. *Id.*

In a Rule 23 action, one or more members of a class are permitted to sue on behalf of the class if: (1) "the class is so numerous that joinder of all members is impracticable;" (2) "there are questions of law or fact common to the class;" (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class;" and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). The four requirements "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Id.* (internal quotation marks and citations omitted).

If the Rule 23(a) criteria are satisfied, the proposed class must also satisfy at least one of the categories provided in Rule 23(b) to be certified as a class action. *E.g.*, *Pino v. Harris Water Main & Sewer Contrs. Inc.*, No. 17-cv-5910 (KAM) (RER), 2021 WL 3675148, at *4 (E.D.N.Y. Aug. 19, 2021) (citing *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 104 (2d Cir. 2007)). "Under Rule 23(b)(2), class certification is appropriate if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final

5

injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010) (quoting Fed. R. Civ. P. 23(b)(2)). "Under Rule 23(b)(3), class certification is appropriate if 'the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class litigation is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)).  The Rule 23(b)(3) predominance inquiry tests whether law or fact questions common to the class predominate over questions affecting individual members.  *In re Initial Public Offerings Securities Litig.*, 471 F.3d 24, 32 (2d Cir. 2006).

In this case, the defendant's motion to strike Young's class allegations are premature. Beekman has not shown that it would be "*impossible* to certify the alleged class regardless of the facts [the] [p]laintiff[] may be able to obtain during discovery.'" *Reynolds*, 136 F. Supp. 3d at 511 (emphasis added).  As Young notes, the complaint "alleges that a common discriminatory conduct perpetrated by the Defendant has affected not only the named Plaintiff, but an entire class of blind individuals, and this failure to make its website accessible to the Plaintiff also impacted similarly situated customers."  Doc. 22 at 9.  The viability of those allegations depend, at least in part, on the outcome of discovery, where the parties will learn more about the group of impacted individuals and they ways in which they were affected by the lack of access to Beekman's website.  At this juncture, before any such discovery has taken place—and well before the class certification stage—it is simply too early for the Court to grant Beekman's request.

The authorities relied upon by Beekman do not change the Court's analysis here.  As a preliminary matter, many of the authorities relied upon by Beekman adjudicate motions at the

class certification stage—a juncture that we have not reached in the instant case. *See, e.g.*, *A.R. v. Dudek*, No. 12 Civ. 60460, 2016 WL 3766139, at *1 (S.D. Fla. Feb. 29, 2023) (adjudicating a second renewed motion for class certification); *Casale v. Kelly*, 257 F.R.D. 396, 406 (S.D.N.Y. 2009) (adjudicating class certification motion); *Brooks v. Roberts*, 251 F. Supp. 3d 401, 410 (N.D.N.Y 2017) (same); *Kuck v. Berkey Photo, Inc.*, 81 F.R.D. 736, 738 (S.D.N.Y. 1979) (same); *Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp.*, No. 5:91 Civ. 754, 1992 WL 475651, at *1 n.1 (D. Conn. June 9, 1992) (deferring class certification issue at the motion to dismiss stage).

Furthermore, Beekman's authorities do not stand for the propositions it asserts in its briefs. For example, in support of its contention that a Rule 23(b)(2) class is not necessary, Beekman cites several out-of-circuit cases involving plaintiffs who only brought claims for injunctive or declaratory relief, and where injunctive relief stood to benefit all potential class members. *See, e.g.*, *Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452, 455 (M.D. Fla. 2001); *M.R. v. Board of School Com'rs of Mobile Cnty.*, 286 F.R.D. 510, 513 (S.D. Ala. 2012). Here, the complaint asserts claims for injunctive and declaratory relief *as well as money damages*. *See generally* Doc. 14. Accordingly, relief as to Young would not "necessarily benefit all other potential class members," and the Court thus cannot determine that the class is not necessary at this stage.[3] *Access Now Inc.*, 211 F.R.D. at 455.

The Court reiterates the importance of the posture of the instant case. Following discovery, Beekman will have the opportunity to challenge class certification pursuant to the several detailed requirements of Rule 23. However, at this juncture, the Court declines to

---

[3] That Title III of the ADA allows "only for injunctive relief and attorney's fees, not money damages," does not change the Court's analysis here, where the complaint sets out pendent state law claims through which putative class members *could* potentially obtain money damages, and where the class allegations clearly include those state law claims. Doc. 15 at 11; *see generally* Doc. 14.

7

preemptively strike Young's class allegations where there exists a set of circumstances in which the proposed classes *could* be certified at a later point in the litigation.

## IV.     CONCLUSION

For the reasons stated herein, Beekman's motion to strike class allegations is DENIED. The parties are directed to appear for a telephonic status conference on September 25, 2023, at 10:00 AM. The parties are to dial (877) 411-9748 and enter access code 3029857#.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 15.

It is SO ORDERED.

Dated:   August 16, 2023
         New York, New York

                                                          Edgardo Ramos, U.S.D.J.